1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ERIK EALY,                                    No.  2:16-cv-01579 MCE AC P

12                  Plaintiff,

13          v.                                      FINDINGS & RECOMMENDATIONS

14   CALIFORNIA CORRECTIONAL
     HEALTH CARE SERVICES, and
15   CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND
16   REHABILITATION,

17                  Defendants.

18

19          Plaintiff is a state prisoner incarcerated at the California Medical Facility (CMF), who

20   proceeds pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action is

21   referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B)

22   and Local Rule 302(c).  For the reasons that follow, this court recommends that this action be

23   dismissed for failure to state a cognizable federal claim.

24                        REQUEST TO PROCEED IN FORMA PAUPERIS

25          Plaintiff requests leave to proceed in forma pauperis.  See ECF No. 2.  However, because

26   the undersigned recommends summary dismissal of this action, it does not consider the merits of

27   plaintiff's request and therefore imposes no fee.

28   ////

1

1    LEGAL STANDARDS FOR SCREENING PLAINTIFF'S COMPLAINT

2          The court is required to screen complaints brought by prisoners seeking relief against a

3    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

4    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5    "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary

6    relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

7          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

8    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

9    Cir. 1984).  The court may dismiss a claim as frivolous when it is based on an indisputably

10   meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at

11   327.  The critical inquiry is whether a constitutional claim, however inartfully pled, has an

12   arguable legal and factual basis.

13         A district court must construe a pro se pleading liberally to determine if it states a

14   potentially cognizable claim.  The court must explain to the plaintiff any deficiencies in his

15   complaint and accord plaintiff an opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122,

16   1130-31 (9th Cir. 2000).  While detailed factual allegations are not required, "[t]hreadbare recitals

17   of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

18   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corporation  v. Twombly, 550

19   U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to

20   'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly,

21   550 U.S. at 570).  "While legal conclusions can provide the framework of a complaint, they must

22   be supported by factual allegations."  Id. at 679.  Rule 8 of the Federal Rules of Civil Procedure

23   "requires only a short and plain statement of the claim showing that the pleader is entitled to

24   relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it

25   rests."  Twombly, 550 U.S. at 555 (citation and internal quotation and punctuation marks

26   omitted).

27         A pro se litigant is entitled to notice of the deficiencies in the complaint and an

28   opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment.  See

1    Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

2                              PLAINTIFF'S ALLEGATIONS

3          Plaintiff seeks to challenge the suspected disclosure of his confidential medical

4    information, together with his "social security #, date of birth, ID #, and custodial information"

5    due to the alleged negligence of the California Department of Corrections and Rehabilitation

6    (CDCR) and California Correctional Health Care Services (CCHCS).  ECF No. 1 at 4.  Plaintiff

7    alleges that he has been exposed to identity theft.  Id.  CCHCS informed prisoners of this possible

8    disclosure by individual form letters dated May 16, 2016.  The letters informed each prisoner that,

9    on April 25, 2016, CCHCS identified a "potential breach" of inmates' "Personally Identifiable

10   Information and Protected Health Information" due to the February 25, 2016 theft of "[a]n

11   unencrypted laptop . . . from a CCHCS workforce member's personal vehicle," although "[t]he

12   laptop was password protected in accordance with state protocol."  Id. at 8.  The letter further

13   provides that CCHCS does not know whether any sensitive information was contained in the

14   laptop and, even if it was, does not know whose information may have been included.  Id.

15         Plaintiff alleges that this potential breach violated his rights under California's

16   Confidentiality of Medical Information Act (CMIA), Cal. Civ. Code §§ 56 et seq., and California

17   Health and Safety Code § 1280.5, and constituted a violation of his Fourth Amendment privacy

18   rights.  ECF No. 1 at 4, 6.  Plaintiff seeks $3,5000 in damages plus court fees, and a $25,000

19   administrative fine.  Id. at 6.  Plaintiff avers that no prison administrative remedy was "available"

20   to him to grieve this matter because it occurred outside the prison.  Id. at 3; see 42 U.S.C. §

21   1997e(a) (prisoners must exhaust all available administrative remedies before commencing a civil

22   suit).

23                          SCREENING OF PLAINTIFF'S COMPLAINT

24         Significantly, it is not clear that plaintiff's confidential information was inappropriately

25   disclosed to a third party.  Plaintiff's allegations are therefore speculative and fail to establish that

26   plaintiff has standing to pursue this matter in federal court, which requires demonstration of an

27

28

                                        3

1   "injury in fact."  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).[1]  Plaintiff's

2   speculative allegations also fail to meet the "plausibility" requirement for stating a cognizable

3   federal claim for relief.  To survive dismissal for failure to state a claim, "a complaint must

4   contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

5   face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly,

6   550 U.S. 544, 570 (2007)).

7           Additionally, plaintiff has failed to name a proper defendant.  Both CDCR and CCHCS

8   are state agencies and therefore not "persons" who may be sued under Section 1983.  See Will v.

9   Mich. Dept. of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in

10  their official capacities are 'persons' under § 1983.").

11          Nor do plaintiff's state law claims confer federal subject matter jurisdiction.  See Galen v.

12  County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [plaintiff ] to

13  demonstrate a violation of federal law, not state law.").  In the absence of a cognizable federal

14  claim, and because violations of state law are not cognizable under Section 1983, this court

15  cannot exercise supplement jurisdiction over plaintiff's putative state law claims.[2]  Cf. Ove v.

16  Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) (district court has discretion to decline to exercise

17  supplemental jurisdiction over state law claims upon dismissal of all claims over which it has

18  original jurisdiction).

19  ////

20  ////

_____

21  [1]  While potential future harm can in some instances confer standing, the plaintiff must face "a
22  credible threat of harm" that is "both real and immediate, not conjectural or hypothetical," as it is
    in the instant case.  Krottner v. Starbucks Corp., 628 F.3d 1139, 1143 (9th Cir. 2010) (citations
23  and internal quotation marks omitted) (holding that threat of potential identity theft created by
    theft of a laptop known to contain plaintiffs' unencrypted names, addresses, and social security
24  numbers was sufficient to confer standing, but that "more conjectural or hypothetical" allegations
    would make threat "far less credible"); Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1147
25  (2013) ("[A]n injury must be concrete, particularized, and actual or imminent.") (citation and
26  internal quotation marks omitted).
    [2]  Moreover, it appears that even if plaintiff chooses to pursue these matters in state court, he will
27  be required to demonstrate more than speculative harm.  CMIA authorizes a suit for money
    damages by "an individual . . . [only] against a person or entity who has negligently released
28  confidential information or records concerning him or her. . . ."  Cal. Civ. Code § 56.36(b).

1

2                                    NO LEAVE TO AMEND

3          For these several reasons, this court finds that the allegations of plaintiff's complaint fail

4   to establish federal subject matter jurisdiction or state a federal claim, and that these deficiencies

5   cannot be cured by amendment.  "A district court may deny leave to amend when amendment

6   would be futile."  Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).

7                                        CONCLUSION

8          Accordingly, IT IS HEREBY RECOMMENDED that:

9          1.  This action be dismissed without leave to amend for failure to state a cognizable

10  federal claim;

11         2.  No fee be imposed pursuant to plaintiff's application to proceed in forma pauperis; and

12         3.  The Clerk of Court be directed to close this case.

13         These findings and recommendations are submitted to the United States District Judge

14  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one days

15  after being served with these findings and recommendations, plaintiff may file written objections

16  with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

17  and Recommendations."  Plaintiff is advised that failure to file objections within the specified

18  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

19  (9th Cir. 1991).

20  DATED: September 15, 2016

21                                        _____

22                                        ALLISON CLAIRE
                                          UNITED STATES MAGISTRATE JUDGE
23

24

25

26

27

28

                                               5